# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN C. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-1487-HE |
| SHERIFF JOHN WHETSEL, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Franklin C. Smith, a former Oklahoma state prisoner appearing pro se and in forma pauperis, brings this federal civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). An initial review of Plaintiff's Complaint [Doc. No. 1] has been conducted pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B). Based on that review, the Court concludes Plaintiff's Complaint should be dismissed sua sponte for failure to state a claim upon which § 1983 relief may be granted. The dismissal of Plaintiff's Complaint should count as a prior-occasion "strike" pursuant to 28 U.S.C. § 1915(g).

## I.  BACKGROUND AND CLAIMS PRESENTED

Plaintiff was incarcerated in the Oklahoma County Detention Center (OCDC) from March 20, 2016, until May 11, 2016, the date he was transferred to the Virginia Beach Correctional Facility, Virginia Beach, Virginia, pursuant to a state detainer. Plaintiff challenges the conditions of his brief confinement at OCDC and contends his due process rights were violated.

Plaintiff complains that OCDC was infested with bedbugs, had inactive security cameras, unlocked cell doors, "fiendish gang affiliates," and rampant gang violence against older, more vulnerable inmates. [Doc. No. 1], 6. Plaintiff alleges he was traumatized because he lived in "constant fear" of the younger, stronger inmates causing him emotional anguish. *Id.* Plaintiff does not, however, allege he was ever physically injured by the inmates he feared or suffered physical injury because of the emotional anguish.

Plaintiff claims he was bitten by bedbugs and hurt his hip sleeping on a hard surface after his infested mattress was removed from his cell for cleaning. *Id.* Finally, Plaintiff alleges his due process rights were violated because the unconstitutional conditions of his confinement "deprived Plaintiff of his free will and self-control to make a voluntary plea." *Id.*[1] Plaintiff names as defendants Sheriff John Whetsel, in both his official and individual capacities, and "Commissioners & City of Oklahoma policymakers." *Id.* at 4.[2]

---

[1] To his Complaint, Plaintiff has attached a brief filed on his behalf in the Oklahoma Court of Criminal Appeals. Plaintiff was appealing the state district court's denial of his request to withdraw his guilty plea as involuntarily made. *See* Original Brief for and on Behalf of Franklin Charles Smith [Doc. No. 1-2]. Plaintiff alleges his guilty plea was made under duress because he believed he would be released from detention, with time served, if he pleaded guilty. He asserts he was willing to plead guilty to escape the unconstitutional conditions of his confinement. Because of the detainer from the State of Virginia, however, Plaintiff was not released until he could be transferred to Virginia. Plaintiff's appeal was not successful.

[2] Oklahoma City "policy makers" are not responsible for the operation of OCDC. Although not listed as defendants, "County Commissioners" are also referenced in the body of the complaint. In describing his first claim, Plaintiff states, "County Commissioners are also liable because they had knowledge of the jail being overcrowded in January 2016 pursuant to a State Health Department Inspection." [Doc. No. 1], 6. As discussed in further detail below, however, even if Plaintiff had properly named the Oklahoma County Commissioners as defendants, the claims against them would still be subject to dismissal for failure to state a claim upon which relief may be granted.

## II. SCREENING REQUIREMENT

Where, as here, a prisoner is seeking redress from a governmental entity or officer or employee of such entity, the court must review the Complaint as soon as practicable. 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims or dismiss the complaint in full or in part if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *see also* § 1915(e)(2)(B) (pertaining to actions brought in forma pauperis).

## III. STANDARD OF REVIEW

The Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Because Plaintiff is proceeding pro se, his complaint must be construed liberally. *See id.* at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).

A complaint fails to state a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. ANALYSIS

### A. Conditions of Confinement

"Under the Eighth Amendment, jail officials must provide humane conditions of confinement ... by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (internal quotation marks omitted). The first prong of an Eighth Amendment claim based on conditions of confinement requires a showing that the alleged violation is sufficiently serious. *See id.* Additionally, an inmate must establish that the official he seeks to hold personally liable for the violation acted with "deliberate indifference to inmate health and safety." *Id.* (internal quotation marks omitted).

Prison conditions comply with the Eighth Amendment if they do not deprive inmates of basic human needs such as food, clothing, shelter, warmth, medical care, sanitary conditions, exercise, and personal safety. *See Farmer v. Brennen*, 511 U.S. 825, 832 (1994); *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Rhodes v. Chapman*, 452 U.S. at 337, 348 (1981). A claim attacking a prison's "'overall conditions' can[not] rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Wilson*, 501 U.S. at 305. But "[s]ome conditions of confinement" may indeed "establish an Eighth Amendment violation 'in combination' when each would not do so alone," if "they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need." *Id.* at 304 (emphasis removed).

The Constitution "does not mandate comfortable prisons," *Rhodes*, 452 U.S. at 349, but neither does it permit inhumane ones. In addition to requiring prison officials to provide adequate food, clothing, shelter and medical care and "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984), the Eighth Amendment places

4

restraints on prison officials, who may not use excessive physical force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1 (1992). 8

In this case, Plaintiff first alleges he was bitten by bedbugs, and then, because of the bedbug infestation, he was forced to sleep without a mattress while the bedding was being treated. But these allegations do not state a claim of cruel and unusual punishment under the Eighth Amendment. *See Robinson v. Milwaukee Secure Detention Facility*, 2016 WL 3620770 (E.D. Wis., Jun. 29, 2016) ("Individuals outside of prison are bitten by various insects thousands or millions of times per day, often resulting in skin irritation. Even luxury hotels and apartments have bedbugs, cockroaches, and other pests. Absent any allegation that the itching and bites were severe or anything out of the ordinary, an itch from insect bites does not rise to the level of harm necessary to demonstrate unconstitutional conditions of confinement.") (*citing Holden v. Knight*, No. 3:15-CV-432 JD, 2016 WL 696088, at *3 (N.D. Ind. Feb. 22, 2016) (collecting cases) ("it does not appear as though Holden's skin rash, which is allegedly itchy and has 'hot spots,' can be considered an objectively serious medical condition. Typically, without more, skin rashes are not.") (*Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (eczema is not a "serious medical need" on which to base a claim of deliberate medical indifference)). In this case, Plaintiff has not alleged he sought medical care for the alleged insect bites.

The same is true of Plaintiff's conclusory allegation that he suffered "damage to his hips, due to no mattresses caused by the bed bug infestation." [Doc. No. 1], 6. Plaintiff did not allege a need for medical care for the "damage to his hips," and he did not allege permanent damage. Moreover, Plaintiff does not state how long he had to sleep without a mattress or whether other bedding was provided.

Moreover, Plaintiff has not demonstrated that prison officials possessed the state of mind necessary to incur liability under the Eighth Amendment. The infestation of bedbugs cannot be attributed to deliberate indifference of prison officials to Plaintiff's health and safety. By his own pleading, Plaintiff implies his mattress was removed to rid it of bedbugs. [Doc. No. 1], 6.

Additionally, this is the second civil rights action Plaintiff has filed in this Court. *See Smith v. Mantle*, Case No. CIV-16-0394-HE. In the first action, Plaintiff also alleged Defendant Whetsel violated his Eighth Amendment rights in that Plaintiff had to sleep on the floor without a mattress. The Magistrate Judge to whom that case was referred for initial proceedings recommended Plaintiff's condition of confinement claims against Defendant Whetsel be dismissed. *See Smith v. Mantle*, 2016 WL 3976422 at *2 (W.D. Okla. Jun. 21, 2016) (Report and Recommendation of Magistrate Judge), adopted by *Smith v. Mantle*, 2016 WL 3982551 (W.D. Okla. Jul. 22, 2016). Plaintiff's allegations regarding the conditions of his confinement in the instant case are not materially different from the allegations in his first case. Thus, the same result—dismissal on filing of Plaintiff's conditions of confinement claims for failure to state a claim upon which relief may be granted—is warranted.[3]

B. **Mental Anguish**

Plaintiff contends he was subjected to mental anguish during his incarceration, but this allegation, too, is insufficient to state a § 1983 claim upon which relief may be granted.

Although claims for mental and emotional distress are cognizable under § 1983, "such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 807 (10th Cir.

---

[3] In *Smith v. Mantle*, Plaintiff's claims of excessive force survived initial screening. Plaintiff does not assert such claims, however, in this case.

1999) (quotation omitted). *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff has made no showing of a physical injury resulting from his alleged mental anguish. Thus, Plaintiff's claim based on the alleged mental anguish should be dismissed.

      **C.    Civil Rights Claim Barred as Premature**

Plaintiff's § 1983 claim based on alleged violation of his due process rights must be dismissed as it is premature.

The holding in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), bars civil rights claims, including due process claims, in certain situations. Under *Heck*, a plaintiff cannot bring a § 1983 claim that, if successful, would necessarily imply the invalidity of a previous conviction or sentence, unless the plaintiff can demonstrate a favorable termination of the prior conviction or sentence. *Id.* at 487. The Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-487. The purpose behind Heck is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007).

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. *Id.* at 487; *see also Wallace v. Kato*, 549 U.S. 384, 393 (2007) (noting the *Heck* bar is called into play only when there exists a criminal conviction that the § 1983 cause of action would impugn).

In this case, a favorable outcome on Plaintiff's due process claim—that his guilty plea was involuntary—would necessarily impugn his conviction and sentence. Because Plaintiff has not alleged or demonstrated that his conviction has been invalidated, his due process claim is barred by *Heck*.

### D. Claims against Defendant Whetsel

Plaintiff has sued Defendant Whetsel in both his official and individual capacities. [Doc. No. 1], 4. But Plaintiff has failed to state a claim upon which relief may be granted, regardless of the capacity in which Defendant Whetsel was sued.

#### 1. Official Capacity Claim

The claim against Defendant Whetsel in his official capacity "is essentially another way of pleading an action against the county or municipality [ ]he[ ] represent[s]." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). But a municipality or county is not liable where, as here, "there was no underlying constitutional violation by any of its officers." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002) (*quoting Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)) (alteration in original) (internal quotation marks omitted). A municipal or county government incurs liability under § 1983 only "when 'the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision

officially adopted and promulgated by that body's officers.'" *Id.* at 1318 (*quoting Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). (*quoting*) (internal quotation marks omitted). Thus, for the County to be liable under § 1983, a plaintiff must first demonstrate (1) that an officer deprived him of a constitutional right, and (2) that a County policy or custom was the moving force behind the constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 694.

Plaintiff's only allegation against the Board of County Commissioners is alleged knowledge of overcrowding at OCDC. This allegation is insufficient to suggest the existence of a policy or custom leading to the alleged injury to Plaintiff. Thus, Plaintiff's official capacity claims against Defendant Whetsel should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 2. Individual Capacity Claim

A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). But "before a superior may be held liable for acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the constitutional deprivations of which complaint is made." *McClelland v. Facteau*, 610 F.2d 693, 696 (10th Cir. 1979).

In this case, Plaintiff's conclusory, individual capacity claims against Defendant Whetsel should be dismissed. Plaintiff fails to identify any official at OCDC, including Defendant Whetsel, who was personally responsible for the alleged violations of his constitutional rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (to state a claim in federal court, a complaint must explain what each defendant did to harm the plaintiff, when the defendant did it, how the defendant's actions harmed him, and what specific legal right the plaintiff alleges

9

the defendant violated). Conclusory allegations, such as those asserted in Plaintiff's Complaint, fail to demonstrate personal participation by any official at OCDC in the alleged violation of Plaintiff's constitutional rights and, therefore, fail to state a plausible claim for § 1983 relief. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("[Section] 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential."). Here, Plaintiff simply alleges he was subjected to unconstitutional conditions of confinement at OCDC, but he does not specifically allege that Defendant Whetsel was personally involved in causing the conditions, either directly or in a supervisory role. In sum, to avoid dismissal, a plaintiff must sufficiently plead personal involvement, causation, and state of mind. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013). Plaintiff has failed to plead any of these three requisites. Thus, the Court should dismiss, without prejudice, any claim for relief against Defendant Whetsel in his individual capacity as Plaintiff has failed to state a claim upon which relief may be granted.

## RECOMMENDATION

It is recommended that Plaintiff's Complaint [Doc. No. 1] be dismissed without prejudice sua sponte for failure to state a claim upon which relief may be granted. It is recommended that this dismissal count as a prior-occasion "strike" under 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 20th day of March, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 27th day of February, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE