# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| FRANKLIN C. SMITH, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. CIV-16-1487-HE |
| SHERIFF JOHN WHETSEL, et al., | ) |
| Defendants. | ) |

# ORDER

Plaintiff Franklin Smith, a former Oklahoma prisoner proceeding *pro se*, brought this action for civil rights violations under 42 U.S.C. § 1983. This court referred the case to U.S. Magistrate Judge Bernard Jones for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) & (C). Following initial screening pursuant to 28 U.S.C. § 1915A, Judge Jones issued a report and recommendation [Doc. #8] recommending dismissal of the complaint for failure to state a claim upon which relief could be granted.[1] Judge Jones also recommended that Smith should receive a "strike" under 28 U.S.C. § 1915(g). Smith has objected to the report and recommendation, therefore the court reviews the complaint *de novo*.

The standard of review for screening under § 1915(e)(2)(B)(ii) is the same as that for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). <u>Kay v. Bemis</u>, 500 F.3d 1214, 1217

---

[1] *Smith complains that he should have been afforded an opportunity to respond to the defendants' motion to dismiss, or that defendants should be allowed to respond before the case is dismissed. However, the Report and Recommendation is the result of the magistrate judge's initial screening, not the motion of a party, and plaintiff's objection has been considered.*

(10th Cir. 2007). When reviewing a claim under that standard, the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive screening, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court to infer the defendants' liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640–41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)). Because Smith is proceeding *pro se*, the court construes his pleadings liberally, but does not act as his advocate. Merryfield v. Jordan, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

### Background

Smith is a former Oklahoma state prisoner who was incarcerated in the Oklahoma County Detention Center from March 20, 2016, to May 11, 2016. The complaint alleges that during Smith's incarceration, he suffered from bites from bedbugs. It also alleges that he suffered "damage" to his hips from sleeping without a mattress. Smith's mattress was apparently removed for some period of time due to the bedbug infestation.

The complaint also generally alleges overcrowding, lack of mental health treatment for inmates, gang violence, beatings, and a lack of security at the Detention Center. Smith

2

claims that these conditions put him in "constant fear of much stronger and younger inmates," but does not allege that he was actually assaulted. Finally, Smith claims that his guilty plea in his criminal case was not voluntary.

Smith's objection to the Report contains additional allegations beyond those in the initial complaint. He claims that after he was bitten by bedbugs, he suffered various physical symptoms, including dizziness, blurry vision and pain. Smith also alleges that he was without a mattress for a period of days, or over a week, and that he still suffers aches and pains in his hips from that period. When Smith asked a guard why they took his mattress, the guard allegedly responded "Not to make your incarceration easier." Smith further alleges that while he was in intake, a guard responded to his request for a working toilet by instructing him to relieve himself in his pants. Finally, Smith claims his cellmate shoved him against the wall on more than one occasion.

**Analysis**

Smith's claims are essentially an Eighth Amendment claim based on the conditions of his confinement and a due process claim related to his criminal conviction. He names as defendants Sheriff John Whetsel, the County Commissioners of Oklahoma County, and Oklahoma City "policymakers."[2] Smith does not challenge Judge Jones' determination regarding the due process claim, and the court will therefore adopt the Report and

---

[2] *Smith specifically names Whetsel in his official and individual capacities, but only names the Commissioners and "policymakers" in their individual capacities. However, the nature of his allegations make clear that he is seeking to assert claims against the county.*

3

Recommendation as to dismissal of that claim.[3] Rather, his objection challenges only the recommendation as to the Eighth Amendment claim.

The Eighth Amendment protects prisoners from conditions that result in "serious deprivations of basic human needs." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). This requires more than "restrictive and even harsh" conditions. *Id.* Instead, the problems must deprive the prisoner of the "minimal civilized measure of life's necessities." Barney v. Pulsipher, 143 F.3d 1299, (10th Cir. 1998) (citing Rhodes, 452 U.S. at 347).

Prison officials also must protect prisoners from "constant threats of violence and sexual assaults from other inmates." Ramos v. Lamm, 639 F.2d 559, 572 (10th Cir. 1980). To state a claim for failure to protect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

1. **Individual Capacity claims.**

Smith's claims against the individual defendants are not based on their personal conduct or interactions with plaintiff, but rather on the defendants' supervisory positions. Supervisor liability cannot be established based on a theory of respondeat superior. Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 691 (1978) (no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Instead, public officials can be held liable in their individual capacities only for their personal participation in the constitutional

---

[3]*The recommendation, based on* Heck v. Humphrey, *512 U.S. 477, 486-87 (1994), clearly appears to be substantively correct.*

4

deprivations. In the case of an official with policymaking authority, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010). Smith's complaint fails to plausibly establish any of these elements.

First, the complaint fails to identify any specific policy causing the harms Smith claims he suffered. He makes a conclusory reference to an "unwritten" policy of taking mattresses without replacing them with new mattresses, but admits that the mattresses were removed because of the bedbug infestation of which he complained.

Second, the allegations do not suggest harm of sufficient seriousness to be a basis for an Eighth Amendment violation. While a bedbug infestation no doubt causes discomfort, it does not suggest a deprivation of the "minimal civilized measure of life's necessities." Given the nature and duration of the physical symptoms he claims to have experienced as a result, the supplemental information he has provided does not change that conclusion. The same is true of plaintiff's complaint of hip "damage" from sleeping on a hard bed without a mattress.

The assertions of overcrowding, gang violence, and the general condition of the detention center also fail to establish an Eighth Amendment claim. Smith has not alleged facts tending to show that the overcrowding deprived him of the minimal civilized measure of life's necessities. He does not claim that the overcrowding deprived him of food,

5

clothing, shelter, or freedom from assault. Smith only alleges that he was shoved against a wall more than once. This is not enough to state an Eighth Amendment claim. And while Smith does allege that other inmates suffered beatings and more extensive violence, he lacks standing to raise Eighth Amendment claims based on the experience of other inmates. Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993).

In addition to not identifying a specific policy leading to constitutional deprivations, the complaint also fails to allege facts from which the requisite state of mind, deliberate indifference, might be inferred. Deliberate indifference requires more than mere negligence. Farmer, 511 U.S. at 835. Rather, an official is deliberately indifferent if he knows of and disregards a substantial risk of serious harm. *Id*. at 841-44. The complaint does not suggest that these defendants knew of a substantial risk of serious harm to Smith, nor does it suggest a basis for concluding they were deliberately indifferent to his circumstances.[4] The removal of the mattress was apparently in reaction to plaintiff's complaints about the bedbugs. Even as supplemented by plaintiff, the complaint fails to state a claim against the defendants in their individual capacities based on the Eighth Amendment.

**2. Official Capacity Claims.**

Claims against an official in his official capacity are essentially claims against the entity that the official represents. Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010).

---

*[4] Plaintiff's objection indicates that he successfully grieved issues relating to his psychotropic medications, which suggests his concerns were not being generally ignored.*

A municipality or county cannot be held responsible for the unconstitutional acts of its officers absent some wrongful action by the municipality or county. To state a claim under § 1983 against a municipality or county, a plaintiff must show "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." Cordova v. Aragon, 569 F.3d 1182, 1193 (10th Cir. 2009) (quoting Walker v. City of Orem, 451 F.3d 1139, 1152 (10th Cir. 2006)).

The complaint does not identify any such policy or custom. The only allegation that comes close is Smith's suggestion of an unwritten policy as to the mattresses. But even taking that conclusory allegation as true, there is still no basis for concluding that "policy" was the moving force behind a constitutional deprivation. Removing mattresses for around a week to deal with a bedbug infestation does not rise to the level of an Eighth Amendment violation. And while Smith alleges several other discrete incidents that he claims violated his constitutional rights, he fails to present any factual allegations that would demonstrate that "a municipal policy or custom was the moving force" behind those alleged violations. Therefore, the official capacity claims must be dismissed.

Taking the complaint's well-pleaded allegations as true, and as supplemented by the additional allegations in Smith's objection to the report and recommendation, the court concludes the complaint fails to state a claim upon which relief may be granted. The report and recommendation [Doc. #8] is therefore **ADOPTED** and this case is **DISMISSED**. This dismissal shall count as a prior occasion "strike" under 28 U.S.C. § 1915(g), as the complaint fails to state a claim.

**IT IS SO ORDERED**

Dated this 31st day of March, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE